IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

| | |
|---|---|
| **BENJAMIN JEFFERSON ADKINS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **Civil Action No. 3:06-0579** |
| ) | |
| **CORRECTIONAL OFFICER CABELL,** ) | |
| **WESTERN REGIONAL JAIL, ET AL.,** ) | |
| ) | |
| **Defendants.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On July 26, 2006, Plaintiff, acting pro se and in confinement at the Western Regional Jail in Barboursville, West Virginia,[1] filed his letter-form complaint pursuant to 42 U.S.C. § 1983.[2] (Document No. 2.) Plaintiff alleges that he is a registered Native American religious follower who was victimized by a correctional officer while he was practicing his religion on desecrated Native American burial grounds:

> Now comes Petitioner Benjamin J. Adkins, who is a registered Native American religious follower. Filing this civil action for sum to be awarded by jury of peers, against the above styled respondants [sic] [.] Basis of lawsuit mockery of religion, failure to recognize religion[,] lack of right to practice religion, with Petitioner using United States Constitution as basis for civil action.
>
> Plaintiff was practicing his religion on Sunday 16 day of July when rud[e]ly victimized by Officer Cabell of the Western Regional Jail on desecrated Native American burial grounds which happens to be recreation area of now regional jail. This being primary argument of suit Petitioner being Native American bloodline and

---

[1] The West Virginia Division of Corrections' website indicates that Plaintiff is currently incarcerated at the McDowell County Correctional Center.

[2] Because Plaintiff is acting pro se, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

> Native American religious follower ask the Court to consider filing criminal charges against Officer Cabell for verbal abuse of Petitioner along with violating one[']s right to freedom of religion, pursuant to the United States Constitution, while acting in official capacity as correctional officer of the Western Regional Jail, Petitioner also asks the Honorable Court to hold Officer Cabell liable in individual capacity along with official capacity as correctional officer.

(Document No. 2, p. 1.)

## THE STANDARD

Pursuant to the provisions of 28 U.S.C. § 1915A, the Court screens each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the Court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. In Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 555.

The Supreme Court further explained its holding in Twombly in Ashcroft v. Iqbal, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.

\* \* \*

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.[3]

## ANALYSIS

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Section 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, § 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

Plaintiff contends that Defendants violated his constitutional rights when he was "rud[e]lly victimized by Officer Cabell ... on desecrated Native American burial grounds," and "verbally abused" while Plaintiff was practicing his religion. (Document No. 2, p. 1.) Plaintiff asks the Court to "consider filing criminal charges against Officer Cabell for verbal abuse and to find that his right to freedom of religion was violated by Defendants because they made a "mockery" of his religion,

---

[3] A motion to dismiss has not been filed in this case yet. Such a motion, filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserts that the complaint fails "to state a claim upon which relief can be granted," which is the same standard set forth in 28 U.S.C. § 1915A.

3

failed to recognize his religion, and prevented him from practicing his religion. (Document No. 2, p. 1.)

Even construing Plaintiff's complaint liberally, it does not meet the requirements of Twombly and Iqbal cited above. Plaintiff's complaint simply does not state plausible claims for relief. Plaintiff's claims are nothing more than conclusory statements unsupported by well-pleaded factual allegations.

Regarding Plaintiff's allegations of verbal abuse, verbal harassment or abuse of an inmate by prison guards, without more, is insufficient to state a constitutional deprivation. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) (verbal abuse by a prison guard does not give rise to a cause of action under § 1983); McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (explaining that "acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment"); Ivey v. Wilson, 832 F.2d 950, 954-55 (6th Cir. 1987) (verbal abuse and harassment by prison officials do not state a constitutional violation under § 1983); Morrison v. Martin, 755 F. Supp. 683, 687 (E.D. N.C.) ("[w]ords by themselves [including verbal abuse or profanity] do not state a constitutional claim, without regard to their nature"), aff'd, 917 F.2d 1302 (4th Cir. 1990).

Even a disparaging comment about an inmate's religion does not state a claim under § 1983. Francis v. Hughes, No. 3:05-418-JFA-JRM, 2006 WL 2716458, at *8 (D.S.C. Sept. 22, 2006) (critical comments by prison staff members about an inmate's religious beliefs did not state a claim under § 1983); Brown v. Byrd, No.Civ.A. 00-3118, 2000 WL 1780234, at *8 (E.D. Pa. Dec. 1, 2000) (comment by prison guard to the effect of "you damn Muslims" while distasteful and inappropriate, did not rise to the level of a constitutional violation under § 1983).

Furthermore, this Court cannot order that criminal charges be filed against anyone, as that is a function of State and federal prosecutorial authorities. Plaintiff's complaint neither suggests what sort of damage or injury he sustained by Defendants' alleged actions, nor asks for a form of relief which this Court can grant.

Finally, regarding Plaintiff's complaint that Defendants violated his right to freedom of religion by making a mockery of his religion, failing to recognize his religion, and preventing him from practicing his religion, even construing Plaintiff's complaint liberally, Plaintiff's complaint also does not meet the requirements of Twombly and Iqbal with respect to these vague allegations.

The Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 1983 and 2000cc et seq., provides as follows:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person –
>     (1) is in furtherance of a compelling governmental interest; and
>     (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). "If a plaintiff produces prima facie evidence" of an RLUIPA violation, "the government shall bear the burden of persuasion on any element of the claim, except that the plaintiff shall bear the burden of persuasion on whether the [policy] or government practice that is challenged by the claim substantially burdens the plaintiff's exercise of religion." Id. § 2000cc-2(b); Smith v. Ozmint, 578 F.3d 246, 250 (4th Cir. 2009).

A "substantial burden on the religious exercise of a person" "'put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs,' or . . . forces a person to 'choose between following the precepts of her religion and forfeiting [governmental] benefits, on the one

5

hand, and abandoning one of the precepts of her religion . . . on the other hand.'" Id. at 251 (quoting Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006)).

Plaintiff's complaint does not allege a prima facie case of an RLUIPA violation. Plaintiff provides no details as to how Defendants might have imposed a substantial burden on the exercise of his religion. Notably, Plaintiff complains about events that occurred *during the time* he was "practicing his religion." (Document No. 2, p. 1.)

Based on the foregoing, the undersigned finds that Plaintiff has failed to state a cognizable constitutional claim under which relief can be granted.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint (Document No. 2), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Chambers and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting pro se.

Date: August 12, 2010.

R. Clarke VanDervort
United States Magistrate Judge