IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

BENJAMIN JEFFERSON ADKINS,

        Plaintiff,

v.                                                   CIVIL ACTION NO. 3:06-0579

CORRECTIONAL OFFICER CABELL,
WESTERN REGIONAL JAIL,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on review of the Magistrate Judge's Findings and Recommendations. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court referred this matter to United States Magistrate Judge R. Clarke VanDervort for submission to the Court of his Proposed Findings and Recommendation. Judge VanDervort submitted his report on August 12, 2010. Thereafter, on August 23, 2010, Petitioner submitted objections to the Proposed Findings and Recommendation. Upon *de novo* review of Petitioner's Complaint and objections, the Court **ACCEPTS** and **INCORPORATES** herein the Proposed Findings and Recommendation of the Magistrate Judge and **DISMISSES** Plaintiff's action.

**BACKGROUND**

On July 26, 2006, Plaintiff, Benjamin Jefferson Adkins ("Plaintiff") brought this action *pro se* while he was confined at the Western Regional Jail ("Western Regional") in Barboursville, West Virginia. He seeks relief from Western Regional and a correctional officer ("Officer Cabell") for what he alleges were violations of his constitutionally protected right to

practice his religion.

In the complaint, Plaintiff alleges that he is of "Native American bloodline," and that he is a registered Native American religious follower. Pl.'s Compl. 1, No. 2. He claims that on July 16, 2006,[1] while he was practicing his religion in the recreational area of the jail, Officer Cabell verbally abused him, and "violat[ed his] right to freedom of religion, pursuant to the United States Constitution, while acting in official capacity." Pl.'s Compl. 1, No. 2. The recreational area of Western Regional now sits on what Plaintiff alleges are desecrated Native American burial grounds.

In his Proposed Findings and Recommendation, the Magistrate Judge recommended that Plaintiff's Complaint be dismissed as being frivolous, and for failing to state a claim upon which relief can be granted within the meaning of 28 U.S.C. § 1915A(b). In his objections to the Proposed Findings and Recommendation, Plaintiff raises few arguments contesting the Magistrate's conclusion as to the legal merit of the Complaint. Instead, he appears to raise several new factual allegations which he claims entitle him to continue to pursue his petition.[2]

Among those new allegations, Plaintiff claims that he "was punished mentally by Officer Cabell," and faced "continued adversity" from the correctional staff at Western Regional. Pl.'s Objections/Mot. to Contest 2, No. 9. He states that these actions were all taken by the correctional staff in retaliation for his decision to file the Complaint. In further support of this argument, Plaintiff points to one incident that occurred on February 11, 2009, when he claims that guards at

---

[1]Plaintiff does not specify the year the alleged incident occurred; however, we construe him to be claiming that the incident occurred on July 16, 2006.

[2]One aspect of Plaintiff's objections to the Proposed Findings and Recommendation which relates to matters raised in the findings is the suggestion that the Magistrate's opinion should be considered in light of Article III, § 15 of the West Virginia Constitution, which prohibits any man from being "enforced, restrained, molested or burthened . . . on account of his religious opinions or belief. . . ." W. Va. CONST. Art. III, § 15. Whether Plaintiff's rights under the West Virginia Constitution were violated, of course, is a matter of state law inappropriate for determination by this Court.

Western Regional "dragged [him] outside . . . and beat [him]" in retaliation for asserting his constitutional right to file an action in this Court. *Id.* Because of the associated incidents detailed both in the Complaint and in his objections, Plaintiff wishes to maintain his action for relief in this Court.

## DISCUSSION

Because Plaintiff has timely objected under 28 U.S.C. § 636(b)(1)(C), we review the Magistrate's findings *de novo*. *See Wright v. Collins*, 766 F.2d 841, 845 (4th Cir. 1985). Under 28 U.S.C. § 1915A, courts are required to screen civil complaints filed by prisoners who seek redress from a governmental entity or officer. 28 U.S.C. § 1915A(a). If the court finds that a complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted," it may dismiss it. *Id.* § 1915A(b)(1). The factual allegations in the complaint are taken in the light most favorable to the plaintiff, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but they must consist of more than mere "labels and conclusions," and contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 884 (2009).

The bases for Plaintiff's action include alleged violations under both 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), *see* 42 U.S.C. § 2000cc-1, *et. seq*. Section 1983 is not a source of substantive rights, but instead a "method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 665-72 (1978) (discussing the legislative history leading to the enactment of 42 U.S.C. § 1983). A plaintiff alleging a violation under §

1983 must show that a state actor (1) deprived him of a right secured by the Constitution or laws of the United States, and (2) that the violation was effectuated by a person acting under the color of state law. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Under this framework, we must first consider Plaintiff's objections to the Magistrate's findings as to his claims that Defendants violated his right to practice his religion prior to the filing of the Complaint. We then consider what we construe to be a new claim alleging retaliation by correctional officers at Western Regional in response to Plaintiff's decision to file this action in the first instance. In conducting this analysis, we adhere to the well-established rule that courts are to liberally construe *pro se* complaints. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

## I. Magistrate's Findings as to Religious Freedom Claims Arising Before July 26, 2006

The Magistrate found that Plaintiff's allegations of verbal abuse and verbal harassment, without more, were insufficient to state a claim based on a cognizable constitutional or statutory deprivation. We construe Plaintiff's Complaint to allege that Defendants violated his right to practice his religion as guaranteed by the Free Exercise Clause, and that this right was substantially burdened under the applicable provisions of RLUIPA. *See* 42 U.S.C. § 2000cc-1.

### A. Free Exercise

Inmates do not surrender their constitutional rights at the prison gates, *see Ali v. Dixon*, 912 F.2d 86, 88-89 (4th Cir. 1990), but "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights. . . ." *Id.* (citing *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987)). In this case, Plaintiff alleges that he was denied protections afforded to him by the First Amendment's Free Exercise Clause, which provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise

thereof. . . ." U.S. CONST. amend I.  To state an actionable violation under the Free Exercise Clause, a plaintiff must show both that he sincerely held a religious belief and that the defendant's actions substantially burdened his religious freedom or expression.  *See Blue v. Jabe*, 996 F. Supp. 499, 502 (E.D. Va. 1996) (discussing *Wisconsin v. Yoder*, 406 U.S. 205, 215-216 (1972)).

Upon *de novo* review of his Complaint and objections to the Magistrate's Proposed Findings and Recommendation, the Court finds that Plaintiff does not state facts sufficient to support any conceivable claim under the Free Exercise Clause against Western Regional or Officer Cabell.  The Court does not deny that Plaintiff holds genuine Native American religious beliefs that are protected by the First Amendment, but Plaintiff has not alleged facts from which we can properly conclude that the correctional officers substantially burdened his right to practice those beliefs.

Plaintiff claims that Officer Cabell verbally abused and harassed him for practicing his religion.  He urges us to find that the officer's conduct constitutes a "mockery of religion, failure to recognize religion[, and a] lack of right to practice religion."  Pl.'s Compl. 1, No. 2.  Further, he requests that this Court criminally pursue Officer Cabell for his offensive behavior.[3]  In liberally construing the Complaint, we consider all of these factual allegations to constitute the basis of Plaintiff's Free Exercise claim.  In that vein, we agree with the Magistrate that the latter allegations of verbal abuse and harassment are overly vague, and do not support a finding that Plaintiff's Free Exercise rights were substantially burdened.

---

[3] As the Magistrate correctly concluded, this Court has no independent authority to order the filing of criminal charges against Officer Cabell.

In attempting to provide color to this gray area of his Complaint, Plaintiff does point to one incident that occurred on July 16, 2006 when he claims that he was "rud[e]ly victimized by Officer Cabell" while he was practicing his religion on sacred Native American burial grounds. Pl.'s Compl. 1, No. 2. However, Plaintiff does not state the underlying facts related to that incident, such as what the officer did or whether he was prevented from continuing his religious activities. Even if he provided such detail, allegations of verbal harassment or abuse, without more, are insufficient to state a deprivation of constitutionally protected rights. *See, e.g.*, *Wagner v. Wheeler*, 13 F.3d 86, 92-93 (4th Cir. 1993) (finding that verbal abuse did not rise to the level of a "freestanding constitutional violation" because "the law does not convert every potentially tortious act into a deprivation of constitutional rights simply because the alleged tortfeasor happens to be a government actor"); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

Accordingly, Plaintiff fails to allege sufficient facts either in the Complaint or in his objections establishing that Defendants' actions somehow substantially burdened his religious practices. Thus, we find his allegations inadequate to state a claim to relief that is plausible on its face.

    **B.    RLUIPA**

RLUIPA provides in pertinent part that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confided to an institution . . . even if the burden results from a rule of general applicability. . . ." 42 U.S.C. § 2000cc-1(a). However, the government may justify such an imposition if it shows that the burden is (1) in furtherance of a compelling governmental interest, and (2) is the least restrictive means of furthering that

compelling interest. *Id.* § 2000cc-1(a)(1)-(2). While RLUIPA does not itself define "substantial burden," courts generally find it where a government policy or action places "substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Lovelace v. Lee*, 472 F.3d 174, 187 (4th Cir. 2006) (noting that "substantial burden" is defined in the "related context of the Free Exercise Clause").

We agree with the Magistrate that Plaintiff's Complaint does not state a claim under RLUIPA. As discussed, in both the Complaint and in his objections, Plaintiff fails to allege specific instances of Defendants' misconduct that placed a substantial burden on his religious practices. In that regard, his allegations that members of the correctional staff verbally abused him and made a "mockery" of his religion are conclusory and unsupported by specific facts. However, even if he properly supported those allegations, they are insufficient for the reasons already noted in Part I.A of this opinion.

## II.     Retaliation

In his objections to the Magistrate's Proposed Findings and Recommendation, Plaintiff claims that various members of the correctional staff at Western Regional retaliated against him for filing this action. Specifically, he claims that he was "punished mentally by Officer Cabell," and "faced continued adversity to [his] person . . . all in retaliation" for seeking relief. Pl.'s Objections/Mot. to Contest 2, No. 9. We liberally construe these allegations as Plaintiff's attempt to state a cause of action for retaliation under 42 U.S.C. § 1983.

"[C]laims of retaliatory actions are legally frivolous unless the complaint implicates some right that exists under the Constitution." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). These claims should be treated with skepticism in the "prison context" because even legitimate acts of

discipline taken by prison officials are in some sense retaliatory. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (finding that the district court did not abuse its discretion in dismissing plaintiff's claims of retaliation where they lacked a nexus to the misconduct alleged). To make out a claim for retaliation, then, a plaintiff must show that the defendant's retaliatory action was substantially motivated by the plaintiff's decision to exercise a constitutionally protected right, and that the action impaired the exercise of that right. *See ACLU v. Wicomico Cnty.*, 999 F.2d 780, 785 (4th Cir. 1993) ("Where there is no impairment of the plaintiff's rights, there is no need for the protection provided by a cause of action for retaliation."). "State prisoners have a constitutional right of meaningful access to the courts which a state may not abridge . . . nor . . . impermissibly burden." *Hudspeth v. Figgin*s, 584 F.2d 1345, 1347 (4th Cir. 1978). Accordingly, a plaintiff may state a claim cognizable under § 1983 if the defendant retaliates against him for exercising his right to petition the courts for redress.

Plaintiff alleges that on February 11, 2009, guards at Western Regional beat him outside of his cell block. Plaintiff chronicles the details of that incident as follows:

> Guards at the Western Regional Jail downed me[,] dragged me outside cell block[,] hit and beat me. Why? I dont [sic] know other than retaliation. Officer Bowman, Officer Lambert came after I was being beat [and] incident was viewed by them. This was revenge I feel assullt [sic], on my person.

Pl.'s Objections/Mot. to Contest 2, No. 9. Even if this incident occurred in the manner in which Plaintiff recounts, he has not stated facts creating more than a speculative connection between the event and his decision to file this action on July 26, 2006. Instead, he poses a series of rhetorical questions suggesting that this Court infer that the incident was sufficiently related. He urges us to make this inference notwithstanding the fact that the event occurred over two years and six months after he originally filed the Complaint.

Similarly, Plaintiff has not shown that the alleged retaliatory action caused him more than a "*de minimis* inconvenience" in exercising his protected right to petition this Court for relief. *See Wilson v. Stallard*, Case No. 7:10CV00237, 2010 U.S. Dist. LEXIS 85263, at *14-15 (W.D. Va. August 19, 2010). Indeed, he has continued to maintain his action in this Court, and does not allege that he has been inhibited from pursuing it in any way. Accordingly, we find that Plaintiff fails to state a claim for retaliation.

Finally, while Plaintiff's complaint must be read liberally, we are "not required to piece together causes of action from fragmentary factual recitations." *See Cochran*, 73 F.3d at 1318. Thus, we make no opinion on whether Plaintiff's allegations relating to the February 11, 2009 incident would permit him to state a cause of action under state tort law against Officer Cabell or any associated parties.

**IV. Conclusion**

For the stated reasons, the Court concludes that Plaintiff's claims under 42 U.S.C. § 1983 and 42 U.S.C. § 2000cc-1(a) must be dismissed under the standards set forth in 28 U.S.C. § 1915A(a). Accordingly, the Court, upon *de novo* review, **ADOPTS** the Proposed Findings and Recommendation of the Magistrate Judge, **DENIES** Plaintiff's objections, and **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief can be granted.

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge

VanDervort, all counsel of record, and any unrepresented parties.


ENTER: September 7, 2010

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE